IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 C 6160 |
| LINCK AGGREGATES, INC., a Wisconsin corporation, | ) ) ) ) | Judge Joan H. Lefkow |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee (collectively, the "Pension Fund"), by their attorneys, submit the following Memorandum of Law in support of their Motion for Summary Judgment, and state as follows:

**INTRODUCTION**

Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§1001-1461, for collection of withdrawal liability, interest, and penalties incurred by Defendant Linck Aggregates, Inc., a Wisconsin corporation ("Linck"), as a result of its partial withdrawal from the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). The material facts surrounding the withdrawal liability are undisputed. Thus, the Plaintiffs are entitled to summary judgment as a matter of law.

**STATEMENT OF FACTS**

Plaintiffs adopt and rely in full upon their Statement of Material Facts as to Which There is no Genuine Issue ("LR56.1") and its exhibits, including the Plaintiffs' Complaint and Defendant's Answer, and the Affidavit of Andrew Sprau with its exhibits.

**LEGAL ARGUMENT**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). In the case at bar, there are no disputes regarding the material facts.

I.   **Plaintiffs are entitled to summary judgment on the withdrawal liability claim.**

   *A.   The nature and purpose of withdrawal liability.*

In 1974, Congress enacted ERISA to "provide comprehensive regulation for private pension plans." *Connolly v. PBGC*, 475 U.S. 211, 214 (1986). ERISA was intended to "prevent the great personal tragedy suffered by employees whose vested benefits are not paid when pension plans are terminated." *Nachman v. PBGC*, 446 U.S. 359, 374 (1980). Subsequent to the enactment of ERISA, Congress became concerned "that ERISA did not adequately protect multiemployer plans from the adverse consequences that resulted when individual employers terminate their participation in, or withdraw from, multiemployer plans." *Connolly*, 475 U.S. at 215, quoting *PBGC v. R.A.Gray & Co.*, 467 U.S. 717, 722 (1984). In response to this concern, Congress enacted the MPPAA. *Id.*

Congress's primary objective in enacting the MPPAA was "to protect multiemployer plan participants from financial instability in relation to funding of the

plan." *Connolly*, 475 U.S. at 216 (1986). Thus, the MPPAA requires that employers withdrawing from multiemployer pension plans pay withdrawal liability–*i.e.*, the unfunded vested benefits attributable to that employer's participation. *Id.* at 217. The MPPAA provides that "[i]f an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan . . . [for the] allocable amount [i.e., the employer's share] of [the plan's] unfunded vested benefits." 29 U.S.C. §1381.

An employer incurs a partial withdrawal "(1) if there is a 70-percent contribution decline, or (2) there is a partial cessation of the employers' contribution obligation." 29 U.S.C. §1385(a). Here, Linck effected a partial withdrawal because it experienced a 70-percent contribution decline.

### B. The Defendants failed to request review or initiate arbitration.

To collect withdrawal liability, a plan must first "determine the amount of withdrawal liability owed by a withdrawing employer." 29 U.S.C. §§1382 and 1391; *Central States, Se. & Sw. Areas Pension Fund v. Bell Transit Co.*, 22 F.3d 706, 707 (7th Cir. 1994). The plan must then send the employer a notice and demand for payment. 29 U.S.C. § 1390(b)(1); *Bell Transit*, 22 F.3d at 707. The employer may ask the plan to review its assessment within 90 days of receipt of the notice and demand. 29 U.S.C. §1399(b)(2); *Bell Transit*, 22 F.3d at 707. If dissatisfied with the review, the employer may initiate arbitration. 29 U.S.C. §1401(a)(1); *Bell Transit*, 22 F.3d at 707. If the employer fails to initiate arbitration, the assessment becomes due and owing and the plan may sue to collect it. 29 U.S.C. §1401(b)(1); *Bell Transit*, 22 F.3d at 707. When an employer fails to initiate arbitration, the employer also waives all defenses to the assessment. 29 U.S.C. § 1401 (b)(1); *Robbins v. Admiral Merchants Motor Freight,*

*Inc.,* 846 F. 2d 1054, 1056 (7th Cir. 1988)

    C.    *Plaintiffs have fulfilled all statutory prerequisites to collect withdrawal liability.*

Summary judgment should be granted in the Pension Fund's favor because the Pension Fund has satisfied all of the requirements needed to collect the withdrawal liability. If, as here, the employer fails to timely initiate arbitration, then the employer waives all potential defenses to the withdrawal liability assessment and the amounts demanded by the Pension Fund become due and owing and the plan may sue to collect those amounts. 29 U.S.C. § 1401(a)(1); *Bell Transit*, 22 F.3d at 707; *Central States, Se. & Sw. Areas Pension Fund v. Ditello,* 974 F.2d 887, 888 (7th Cir. 1992); *Admiral*, 846 F.2d at 1056.

In this case, the Pension Fund determined that Linck effected a partial withdrawal from the Pension Fund, and that Linck incurred withdrawal liability in the principal amount of $407,140.15. LR56.1, ¶¶ 8, 9. Further, Linck has admitted that it received a notice and demand for payment of withdrawal liability from the Pension Fund on or about July 20, 2007, and a past due notice for payment of the withdrawal liability on or about August 20, 2007. LR56.1, ¶¶ 10, 12. Linck also admitted that it has not paid any of the withdrawal liability to the Pension Fund. LR56.1, ¶ 15.

Linck failed to request review within 90 days as required by 29 U.S.C. §1399(c)(2) or 29 U.S.C. §1401(a)(1). LR56.1, ¶ 13. An employer may initiate arbitration within 60 days after the earlier of: (1) the date on which the pension fund responds to the employer's request for review of the assessment, or (2) 120 days after the date of the employer's request for review of the assessment. 29 U.S.C. §1401(a)(1). Because Linck failed to ever request review, it did not satisfy the prerequisites for initiating arbitration.

Moreover, Linck is in default within the meaning of 29 U.S.C. §1399(c)(5) since it did not make any of the interim withdrawal liability payments, even after receiving the Pension Fund's past due notice. *Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Century Motor Freight*, 125 F.3d 526, 533 (7th Cir. 1997). As such, Linck has waived the right to challenge the withdrawal liability assessment and the full amount of the withdrawal liability sought by the Pension Fund is now due.

    D.    *Plaintiffs are also entitled to interest, liquidated damages, and attorney's fees and costs.*

Linck must also pay interest, liquidated damages, and attorneys' fees and costs pursuant to ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2). These damages, made applicable to cases involving withdrawal liability pursuant to ERISA Section 4301(b), 29 U.S.C. §1451(b), are mandatory. *Central States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). The liquidated damages awarded under the MPPAA "are something that an employer must pay as a penalty for refusing to follow the statutory procedure for challenging assessments of withdrawal liability." *Central States, Se. & Sw. Areas Pension Fund v. Lady Baltimore Foods, Inc.*, 960 F.2d 1339, 1347 (7th Cir. 1992).

## **CONCLUSION**

Plaintiffs are entitled to an order granting summary judgment in favor of Plaintiffs and against Defendant for the full amount of withdrawal liability, interest, liquidated damages and attorneys' fees and costs

Respectfully submitted,

/s/ Cathy L. Rath
Cathy L. Rath
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
January 7, 2008   (847) 518-9800, Ext. 2343

## CERTIFICATE OF SERVICE

    I, Cathy L. Rath, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on January 7, 2008, I caused the foregoing Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

                                         /s/ Cathy L. Rath
                                         Cathy L. Rath
                                         One of Central States' Attorneys