IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND         )
SOUTHWEST AREAS PENSION FUND,          )
and HOWARD McDOUGALL, trustee,         )
                                       )
                    Plaintiffs,        )
                                       )
            v.                         )      Case No. 07 C 6160
                                       )
LINCK AGGREGATES, INC.,                )      Judge Joan H. Lefkow
a Wisconsin corporation,               )
                                       )      Magistrate Judge Schenkier
                    Defendant.         )

## PLAINTIFFS' STATEMENT OF
## MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LR56.1(a)(3) of the Local Rules for the United States District Court for

the Northern District of Illinois, Plaintiffs Central States, Southeast and Southwest Areas

Pension Fund and Howard McDougall, Trustee, submit the following Statement of Material

Facts as to Which There is no Genuine Issue, and state as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980

("MPAA"), 29 U.S.C. §1001, *et seq*., and this Court has jurisdiction over the action pursuant

to ERISA sections 502(e), 502(f), and 4301(c), 29 U.S.C. §§1132(e), 1132(f), and 1451(c).

*See* Plaintiffs' Complaint and Defendant's Answer ("C&A"), ¶2, attached hereto as Group

Exhibit A; Affidavit of Andrew Sprau ("Sprau Aff."), ¶8, attached hereto with its Exhibits 1-3

("Sprau Aff., Ex. __") as Exhibit B.

2.    Venue properly lies in the Northern District of Illinois based upon the forum selection clause of the Pension Fund Trust Agreement and pursuant to ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), because the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered in the Northern District of Illinois.  *See* C&A, ¶3.

## THE PARTIES

3.    The Pension Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. §1002(3).  *See* C&A, ¶4; Sprau Aff., ¶9.

4.    Plaintiff Howard McDougall, Trustee, is a present trustee of the Pension Fund and is a plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. §1301(a)(10)(A); Sprau Aff., ¶10.

5.    Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Mr. McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.  *See* C&A, ¶6; Sprau Aff., ¶10.

6.    Defendant Linck Aggregates, Inc. ("Linck") is a Wisconsin corporation with its principal place of business located in the State of Wisconsin.  Linck is an "employer" and a "party-in-interest" as those terms are defined by, respectively, ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §§1002(5) and 1002(14)(c).  *See* C&A, ¶7; Sprau Aff., ¶11.

## DEFENDANT'S PARTIAL WITHDRAWAL FROM THE PENSION FUND

7.      Linck has at all times relevant been bound by collective bargaining agreements executed between itself and a Local Union affiliated with the International Brotherhood of Teamsters ("IBT"), pursuant to which agreements Linck agreed to pay contributions to the Pension Fund on behalf of certain covered employees.  *See* C&A, ¶8; Sprau Aff., ¶¶12-13.

8.      As a result of a decline in Linck's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2005,  Linck effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(a), 29 U.S.C. § 1385 (a)(1). *See* C&A, ¶9; Sprau Aff., ¶14.

9.      As a result of the partial withdrawal, Linck incurred withdrawal liability to the Pension Fund in the amount of $407,140.15, as determined pursuant to ERISA Section 4201(b), 29 U.S.C. §1381(b).  *See* C&A, ¶10; Sprau Aff., ¶15.

10.      On or about July 20, 2007, Linck received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §1382(2) and 1399(b)(1).  *See* C&A ¶11; Sprau Aff., ¶16; Sprau Aff., Ex. 1.

11.      That notice and attached invoice notified Linck that it was required to discharge its withdrawal liability in forty-six (46) monthly payments of $9,837.46 commencing on August 1, 2007, and a final payment of $3,839.58 due on June 1, 2011. *See* C&A, ¶11; Sprau Aff., ¶17; Sprau Aff., Ex. 1.

12.      On or about August 20, 2007, Linck received  a notice from the Pension Fund, pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned Linck of the

consequences of its failure to pay such liability.  *See* C&A ¶12; Sprau Aff., ¶ 19; Sprau Aff., Ex. 2.

13.     Linck did not timely request review with respect to the Pension Fund's withdrawal liability determination pursuant to ERISA Section 4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A).  *See* Sprau Aff., ¶ 21.

14.     Linck did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1).  Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).  Sprau Aff., ¶ 22.

15.     Linck has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5).  *See* C&A ¶14; Sprau Aff., ¶ 23.

16.     Pursuant to ERISA Section 4301(b), 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under ERISA Section 515, 29 U.S.C. § 1145.  Sprau Aff., ¶ 25.

17.     Under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1145 as incorporated by 29 U.S.C. § 1451(b):

(1)     withdrawal liability;

(2)     interest;

(3)     an amount equal to the greater of interest or liquidated damages in the amount of 20% of the withdrawal liability principal; and

(4)     reasonable attorneys' fees and costs.

Sprau Aff., ¶ 26.

18.     Under 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Fund Trust Agreement.  Sprau Aff., ¶ 27.

19.     Under Appendix E of the Pension Fund Pension Plan, pre-judgment interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which the interest is charged.  *See* Sprau Aff., ¶ 28; Sprau Aff. Ex. 3.

20.     Under Appendix E of the Pension Fund Pension Plan, post-judgment interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which the interest is charged, compounded annually.  See Sprau Aff., ¶ 29; Sprau Aff., Ex. 3.

Respectfully submitted,

/s/ Cathy L. Rath
Cathy L. Rath (ARDC # 6275744)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 2343

January 7, 2008

## CERTIFICATE OF SERVICE

I, Cathy L. Rath, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on January 7, 2008, I caused the foregoing Plaintiffs' Statement of Material Facts as to Which There Is No Genuine Issue to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

/s/ Cathy L. Rath
Cathy L. Rath
One of Central States' Attorneys