# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED JH
OCT 3 1 2007
OCT. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CENTRAL STATES, SOUTHEAST )
AND SOUTHWEST AREAS )
PENSION FUND, and HOWARD )
MCDOUGALL, Trustee, )
)
    Plaintiffs, )
)
v. ) 07cv6160
) JUDGE LEFKOW
LINCK AGGREGATES, INC., a ) MAG. JUDGE SCHENKIER
Wisconsin corporation, )
)
    Defendant. )

## COMPLAINT

Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, for their cause of action against Defendant Linck Aggregates, Inc., a Wisconsin corporation ("Linck"), allege as follows:

### JURISDICTION AND VENUE

1.    This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a partial withdrawal from the Pension Fund.

2.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), 29 U.S.C. § 101, et seq. (1982). This court has jurisdiction over this action under ERISA Sections 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.    Venue is proper in this district under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the Pension Fund is administered at its

F:240189 / 07419250 / 10/31/07

principal place of business located in Rosemont, Cook County, Illinois. Venue in this district is also proper under the Pension Fund Trust Agreement.

## PARTIES

4.   Plaintiff the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

5.   Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are collectively the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Cook County, Illinois 60018.

6.   Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.   Defendant Linck is a Wisconsin corporation with its principal place of business in the State of Wisconsin. Linck is an "employer" and a "party-in-interest" as those terms are defined in ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §§ 1002(5) and 1002(14)(c).

## CLAIM FOR RELIEF

8.   Linck was subject to collective bargaining agreements executed between itself and a local union affiliated with the International Brotherhood of Teamsters ("IBT")

under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9.  As a result of a decline in Linck's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2004, Linck effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1).

10. As a result of this partial withdrawal, Linck incurred withdrawal liability to the Pension Fund in the amount of $407,140.15 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b).

11. On July 20, 2007, Linck received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1328(2) and 1933(b)(1). The notice and attached invoice notified Linck that it was required to discharge its liability in a lump sum or in 46 monthly payments of $9,837.46 commencing on August 1, 2007, and a final payment in the amount of $3,839.58 due on June 1, 2011.

12. On August 20, 2007, Linck received a notice from the Pension Fund that its withdrawal liability payments were past and which forewarned Linck of the consequences of its failure to pay such liability pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

13. Linck did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1). Consequently, the amount demanded by the Pension Fund is due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

14. Linck has failed to remit any withdrawal liability payments to the Pension Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

**WHEREFORE,** Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall request the following relief:

A. A judgment against Defendant Linck Aggregates, Inc., a Wisconsin corporation and in favor of the Plaintiffs, pursuant to ERISA Section 502(g)(2) and 4301(b), 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

   i) $407,140.15 in withdrawal liability;

   ii) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, compounded annually;

   iii) an amount equal to the greater of interest on the withdrawal liability or liquidated damages equal to twenty percent (20%) of the unpaid withdrawal liability; and

   iv) attorneys' fees and costs.

B. Post-judgment interest from the date the judgment is entered until the date of payment, computed and charged to on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually; and

C.   For such other or different relief as this Court may deem proper and just.

_____
Cathy L. Rath (ARDC #62725744)
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, IL 60018
(847) 518-9800, extension 2343

October 31, 2007


UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND,
AND HOWARD McDOUGALL, TRUSTEE,

                Plaintiffs,

                Case No. 07-C-6160

v.

LINCK AGGREGATES, INC.,
a Wisconsin corporation,

                Defendant.

**ANSWER**

FILED DEC 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

    NOW COMES Defendant Linck Aggregates, Inc., by its attorneys, Melli, Walker, Pease & Ruhly, S.C., by Douglas E. Witte, and for its answer to the Complaint hereby admits, denies, and alleges as follows:

    1.    In response to paragraph 1 of the Complaint, Defendant admits that is the stated purpose of the action. Denies any remaining allegations in paragraph 1 of the Complaint.

    2.    Defendant admits the allegations of paragraph 2 of the Complaint.

    3.    Defendant admits the allegations of paragraph 3 of the Complaint.

    4.    Defendant admits the allegations of paragraph 4 of the Complaint.

    5.    Defendant lacks information sufficient to form a belief regarding the allegations of paragraph 5 of the Complaint, and therefore denies the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant admits the allegations of paragraph 7 of the Complaint.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations of paragraph 11 of the Complaint.

12. Defendant admits the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs have failed to exhaust their administrative remedies.

3. Any claim for damages relating to incidents which occurred more than six years before Plaintiff filed a claim are barred by the statute of limitations.

WHEREFORE, Defendant requests that the Complaint herein be dismissed with prejudice and that it be awarded its reasonable attorneys' fees and such other further relief as the Court may order.

2

Dated this 26th day of December, 2007.

                              */s/ Douglas E. Witte*
                              Douglas E. Witte
                              Wisconsin State Bar No. 1016427
                              MELLI, WALKER, PEASE & RUHLY, S.C.
                              Ten East Doty, Suite 900
                              P. O. Box 1664
                              Madison, WI 53701-1664
                              Telephone: (608) 257-4812
                              Facsimile: (608) 258-7470
                              dougwitte@melliwalker.com

                              Attorneys for Defendant Linck Aggregates, Inc.