# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND<br>SOUTHWEST AREAS PENSION FUND,<br>and HOWARD McDOUGALL, trustee, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6160 |
| | ) | |
| LINCK AGGREGATES, INC.,<br>a Wisconsin corporation, | ) ) | Judge Joan H. Lefkow |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

## **AFFIDAVIT OF ANDREW M. SPRAU**

State of Illinois    )
                             )  SS:
County of Cook     )

I, Andrew M. Sprau, having been duly sworn, upon my oath depose and state as

follows:

1.    I am the Department Manager for the Collections Division at Central

States, Southeast and Southwest Areas Pension Fund ("Pension Fund").

2.    I have personal knowledge of the facts set forth below and would be

competent to testify as to these facts if called as a witness in this matter.

3.    I am responsible for managing the efforts to collect withdrawal liability for

the Pension Fund, including monies owed by Defendant Linck Aggregates, Inc.

("Linck"), a Wisconsin corporation.

4.    If an employer has withdrawn from the Pension Fund, one of my staff

members or I calculate the withdrawal liability due and notify the employer of the

assessment pursuant to ERISA Section 4219(b)(1), 29 U.S.C. §1399(b)(1), sending said notices by U.S. Mail or United Parcel Service ("UPS") overnight delivery.

5.    If an employer requests review of a withdrawal liability assessment, one of my staff or I conduct a reasonable review and respond promptly to the request pursuant to ERISA Section 4219(b)(2)(B), 29 U.S.C. §1399(b)(2)(B).

6.    Pursuant to these duties, I have maintained a file related to the liability owed by Linck.

7.    The file is under my dominion and control.

8.    Plaintiffs initiated this action, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§1001-1461, for collection of withdrawal liability, interest, and penalties incurred by Linck as a result of its partial withdrawal from the Pension Fund.

9.    The Pension Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. §1002(3).

10.    Plaintiff Howard McDougall, Trustee, is a present trustee of the Pension Fund and is a plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. §1301(a)(10)(A) and, pursuant to ERISA Section 502(a)(3) and 4301(a)(1), 29 U.S.C. §§1132(a)(3) and 1451(a)(1), is authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

11.    Linck is a Wisconsin corporation, its principal place of business is located in the State of Wisconsin, and it is an "employer" and a "party-in-interest" as those

terms are defined by, respectively, ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §§1002(5) and 1002(14)(c).

12.    Linck has at all times relevant been bound by collective bargaining agreements executed between itself and a local union affiliated with the International Brotherhood of Teamsters ("IBT").

13.    Pursuant to the collective bargaining agreements, Linck agreed to pay contributions to the Pension Fund on behalf of certain covered employees.

14.    As a result of a decline in Linck's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2005, Linck effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205 (a)(1), 29 U.S.C. § 1385 (a)(1).

15.    As a result of this partial withdrawal, Linck incurred withdrawal liability to the Pension Fund in the amount of $407,140.15, as determined pursuant to ERISA Section 4201(b), 29 U.S.C. §1381(b).

16.    On or about July 20, 2007, Linck received a notice and demand for payment of $407,140.15 in withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §1382(2) and 1399(b)(1). A true and correct copy of the July 19, 2007 notice and demand, with all supporting documentation including proof of delivery on July 20, 2007, is attached hereto as Exhibit 1.

17.    That notice and attached invoice notified Linck that it was required to discharge its withdrawal liability in a lump sum or in forty-six (46) monthly payments of $9,837.46 commencing on August 1, 2007, and one final payment of $3,839.58 due on June 1, 2011. *See* Exhibit 1.

-3-

18.     Subsequently, Linck failed to remit monthly payments to the Pension Fund in accordance with the statutory payment schedule.

19.     On or about August 20, 2007, Linck received a notice that its withdrawal liability payments were past due, and which cautioned Linck of the consequences of its failure to pay sums due under such liability pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. §1399(c)(5)(A).  A true and correct copy of the August 17, 2007 notice, with all supporting documentation and proof of delivery on August 20, 2007, is attached hereto as Exhibit 2.

20.     On October 31, 2007, Plaintiffs filed this civil action pursuant to ERISA Section 4221(b)(1), 29 U.S.C. §1401(b)(1), in order to collect the entire amount now due.

21.     Linck failed to seek a timely request for review with respect to the Pension Fund's withdrawal liability determination pursuant to ERISA Section 4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A).

22.     Linck did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1).  Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

23.     Linck has failed to make  any of the required interim withdrawal liability payments to the Pension Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5).

24.     The Central States, Southeast and Southwest Areas Pension Plan ("Plan") sets forth the rules and regulations of the Pension Fund pertaining to employer

withdrawal liability. Appendix E, §5(b) of the plan, provides that:

> Withdrawal liability shall be payable monthly, according to the schedule determined by the Trustees. Payment of withdrawal liability shall commence no later than 60 days after demand is made therefor by the Trustees.

A true and correct copy of Appendix E to the Plan is attached hereto as Exhibit 3 .

25.    Pursuant to ERISA Section 4301(b), 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under ERISA Section 515, 29 U.S.C. § 1145.

26.    Under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1451(b):

 (1) withdrawal liability principal;

 (2) interest;

 (3) an amount equal to the greater of interest or liquidated damages in the amount of 20% of the withdrawal liability principal; and

 (4) attorneys' fees and costs.

27.    Pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Fund Pension Plan.

28.    Under Appendix E of the Pension Fund's Pension Plan, pre-judgment interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged. *See* Exhibit 3.

29.     Under Appendix E of the Pension Fund's Pension Plan, post-judgment interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which the interest is charged, compounded annually.  *See* Exhibit 3.

**FURTHER AFFIANT SAYETH NOT.**

Andrew M. Sprau

Subscribed and sworn to before me,
a Notary Public of the State of Illinois,
this 7th day of January, 2008.

Notary Public

Official Seal
Kari Schofield
Notary Public State of Illinois
My Commission Expires 10/09/2011

# EXHIBIT 1 TO EXHIBIT B



**CENTRAL STATES
SOUTHEAST AND
SOUTHWEST AREAS
PENSION FUND**

**EMPLOYEE TRUSTEES**
FRED GEGARE
JERRY YOUNGER
GEORGE J. WESTLEY
CHARLES A. WHOBREY
PHILIP E. YOUNG

**EMPLOYER TRUSTEES**
HOWARD McDOUGALL
ARTHUR H. BUNTE, JR.
TOM J. VENTURA
GARY F. CALDWELL
CHRISTOPHER J. LANGAN

**EXECUTIVE DIRECTOR**
THOMAS C. NYHAN

July 19, 2007

Mr. Chester C. Linck                          **VIA UPS NEXT DAY DELIVERY**
Linck Aggregates, Inc.                        #1Z 395 1X9 22 1011 1133
W8009 Highway 33E
Beaver Dam, WI  53916

RE:   NOTICE AND DEMAND FOR PAYMENT OF WITHDRAWAL LIABILITY
      LINCK AGGREGATES, INC.
      ASSESSMENT NO.: 4771550-WL070118-01
      WITHDRAWN ACCOUNT NO.: 4771500-0306

Dear Mr. Linck:

This is a demand for payment of withdrawal liability incurred as a result of a permanent cessation of contributions to Central States, Southeast and Southwest Areas Pension Fund (the "Fund") by the above captioned business on behalf of some, or all, of its bargaining unit employees.   This demand is made pursuant to Section 4219 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. 1399 (b)), and applies equally to all members of any controlled group of trades or businesses, as defined in Section 414(c) of the Internal Revenue Code, of which the above captioned business is a member.

The total amount of such withdrawal liability is $407,140.15.

Please make your check payable to Central States Southeast and Southwest Areas Pension Fund (please write the assessment number on your check) and forward it to the address as follows:

CENTRAL STATES WITHDRAWAL LIABILITY
Department 10291
Palatine, Illinois 60055-0291

If you would prefer to utilize Electronic Funds Transfer ("Wire Transfer"), the following is the Fund's account information:

Mellon Bank, N.A.
American Banking Association Number: 043-000-261
Account No. 093-2289
Beneficiary: Central States Pension Fund

Mr. Chester C. Linck
July 19, 2007
Page Two

At your option, the withdrawal liability may be amortized and paid in monthly installments according to the enclosed minimum required payment schedule, or such liability may be paid in a lump sum. No penalty, interest or amortization charges will be applied if payment of the entire withdrawal liability is received by this office on or before August 1, 2007. If you choose the monthly installment option, amortization charges will accrue on the outstanding balance at the annual rates indicated on the enclosed minimum required payment schedule.

Subject to applicable regulations, if any payment of withdrawal liability is not made when due and such payment plus delinquency charges is not made within sixty (60) days after receiving written notice from the Fund of such delinquency, the Fund may require immediate payment of the remaining balance of the withdrawal liability plus delinquency charges accrued from the due date of the first payment which was not timely made.

Enclosed herewith are documents as follows:

1.   A copy of the withdrawal liability calculation;

2.   A copy of the minimum required payment schedule for the monthly installment option;

3.   A set of remittance notices to be included with your monthly installments; and

4.   A copy of the Fund's procedure governing review of any items relating to the determination and calculation of withdrawal liability, the minimum required payment schedule, and the resolution of disputes regarding withdrawal liability.

5.   A copy of the explanation and calculation of the 70% decline partial withdrawal.

Sincerely,

Andrew Sprau
Department Manager
Collections

AS:SMT-notice and demand letter
Enclosures

Controlling Employer Name:   Linck Aggregates, Inc.
Assessment Number:   4771550-WL070118-01

Withdrawn Company Name:   Linck Aggregates, Inc.
Address:

Type of Calculation:   2005 70% Decline Partial Withdrawal

Date Prepared:   July 12, 2007

Section I  -  Pre-1980 Pool

a.  Withdrawn Employer's Contributions

| (1975 - 1979) | Year | Contributions | # CBUs |
|---|---|---|---|
| | 1975 | 0.00 | 0.0 |
| | 1976 | 0.00 | 0.0 |
| | 1977 | 0.00 | 0.0 |
| | 1978 | 0.00 | 0.0 |
| | 1979 | 0.00 | 0.0 |
| | Total | 0.00 | |

b.  All Employer's Contributions (1975 - 1979)   1,993,217,854

c.  Allocation Fraction   0.0000000000

d.  Unamortized 12/31/79 UVB   0

e,  Pre-1980 Pool Liability   $0.00

Section II  -  Post-1979 Pool

a.  Withdrawn Employer's Contributions

| Last 10 Years | Year | Contributions | #CBUs |
|---|---|---|---|
| | 1993 | 0.00 | 0.0 |
| | 1994 | 0.00 | 0.0 |
| | 1995 | 0.00 | 0.0 |
| | 1996 | 0.00 | 0.0 |
| | 1997 | 0.00 | 0.0 |
| | 1998 | 97,429.50 | 785.0 |
| | 1999 | 99,747.30 | 738.3 |
| | 2000 | 102,515.25 | 676.8 |
| | 2001 | 71,518.20 | 458.5 |
| | 2002 | 56,099.00 | 337.9 |
| | TOTAL | $427,309.25 | |

b.  All Employers' Contributions Last 10 Years   8,674,502,320

c.  Allocation Fraction   0.0000492604

d.  Net Change in UVB @ 12/31/02   9,714,278,657

e.  Post-1979 Pool Liability   $478,529.02

Controlling Employer Name:          Linck Aggregates, Inc.
Assessment Number:                  4771550-WL070118-01

Withdrawn Company Name:             Linck Aggregates, Inc.


Section III - Adjustments to Liability

a.  Unadjusted Liability                              $478,529.02

b.  De Minimis Rule                                         0.00

c.  Prior Assessment Credit                                0.00

d.  Partial Prorate                                   71,388.87

e.  Sec. 4225 Limitations                                  0.00

f.  Adjusted Liability                               $407,140.15

Section IV  -  Partial Prorate

a.  # CBUs in Next Year                                    89.4

b.  5 Year Average # CBUs

| Year  | # CBUs  |
|-------|---------|
| 1998  | 785.0   |
| 1999  | 738.3   |
| 2000  | 676.8   |
| 2001  | 458.5   |
| 2002  | 337.9   |
| Total | 2,996.3 |

    5 Year Average                                       599.3

c.  Prorate Fraction                               0.8508160064

d.  Remaining Liability                              478,529.02

e.  Partial Prorate                                  $71,388.87

Controlling Employer Name:      Linck Aggregates, Inc.
Assessment Number:      4771550-WL070118-01

Withdrawn Company Name:      Linck Aggregates, Inc.

Payment Schedule

a.  High Contribution Rate  (Weekly Rate Basis)      $188.00

b.  3 Year Average # CBUs

| Year | # CBUs |
|------|--------|
| 1998 | 785.0 |
| 1999 | 738.3 |
| 2000 | 676.8 |
| Total | 2,200.0 |

     3 Year Average      733.3

c.  Partial Prorate Fraction      0.8508160064

d.  Annual Payment      $117,296.50

e.  Assessment      $407,140.15

f.  Amortization Period

| Year | Rate | Amortization | Opening Balance | Closing Balance |
|------|------|--------------|-----------------|-----------------|
| 1 | 0.00% | 0.00 | 407,140.15 | 289,843.65 |
| 2 | 8.00% | 23,187.49 | 313,031.14 | 195,734.64 |
| 3 | 8.00% | 15,658.77 | 211,393.41 | 94,096.91 |
| 4 | 8.00% | 7,527.75 | 101,624.66 | 0.00 |
| 5 | 8.00% | 0.00 | 0.00 | 0.00 |
| 6 | 8.00% | 0.00 | 0.00 | 0.00 |
| 7 | 8.00% | 0.00 | 0.00 | 0.00 |
| 8 | 8.00% | 0.00 | 0.00 | 0.00 |
| 9 | 8.00% | 0.00 | 0.00 | 0.00 |
| 10 | 8.00% | 0.00 | 0.00 | 0.00 |
| 11 | 8.00% | 0.00 | 0.00 | 0.00 |
| 12 | 8.00% | 0.00 | 0.00 | 0.00 |
| 13 | 8.00% | 0.00 | 0.00 | 0.00 |
| 14 | 8.00% | 0.00 | 0.00 | 0.00 |
| 15 | 8.00% | 0.00 | 0.00 | 0.00 |
| 16 | 8.00% | 0.00 | 0.00 | 0.00 |
| 17 | 8.00% | 0.00 | 0.00 | 0.00 |
| 18 | 8.00% | 0.00 | 0.00 | 0.00 |
| 19 | 8.00% | 0.00 | 0.00 | 0.00 |
| 20 | 8.00% | 0.00 | 0.00 | 0.00 |

g.  Monthly Payment Amount      $9,837.46

h.  # of Monthly Payments      46.40

i.  First Payment Due Date      August 1, 2007

Employer : LINCK AGGREGATES INC - 4771550

Pension Fund

PERIOD : 12/27/1992 - 12/28/2002

Controlled Group as of : 12/31/2005

## PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - SUMMARY

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| 4771550 - LINCK AGGREGATES INC | | | | | | | |
| | 1993 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1994 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1995 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1996 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1997 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1998 | $97,429.50 | 0 | 0 | 0 | 31,398.00 | 784.95 |
| | 1999 | $99,747.30 | 0 | 0 | 0 | 29,530.00 | 738.25 |
| | 2000 | $102,515.25 | 0 | 0 | 0 | 27,070.00 | 676.75 |
| | 2001 | $71,518.20 | 0 | 0 | 0 | 18,338.00 | 458.45 |
| | 2002 | $56,099.00 | 0 | 0 | 0 | 13,516.00 | 337.90 |
| Totals for Employer: | | $427,309.25 | 0 | 0 | 0 | 119,852.00 | 2,996.30 |

**Employer : LINCK AGGREGATES INC - 4771550**

Pension Fund

PERIOD : 12/27/1992 - 12/28/2002

Controlled Group as of : 12/31/2005

**PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - DETAIL**

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| 4771550 - LINCK AGGREGATES INC | | | | | | | |
| 4771500 - 0306 - 00695A C C LINCK INC | 1993 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1994 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1995 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1996 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1997 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1998 | $97,429.50 | 0 | 0 | 0 | 31,398.00 | 784.95 |
| | 1999 | $99,747.30 | 0 | 0 | 0 | 29,530.00 | 738.25 |
| | 2000 | $102,515.25 | 0 | 0 | 0 | 27,070.00 | 676.75 |
| | 2001 | $71,518.20 | 0 | 0 | 0 | 18,338.00 | 458.45 |
| | 2002 | $56,099.00 | 0 | 0 | 0 | 13,516.00 | 337.90 |
| Total for Employer: | | $427,309.25 | 0 | 0 | 0 | 119852.00 | 2996.30 |
| Total for Employer: | | $427,309.25 | 0 | 0 | 0 | 119852.00 | 2996.30 |

**Employer : LINCK AGGREGATES INC - 4771550**

**Pension Fund**

**PERIOD : 01/01/2006 - 12/30/2006**

**Controlled Group as of : 12/30/2006**

**PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - SUMMARY**

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| *4771550 - LINCK AGGREGATES INC* | | | | | | | |
| | 2006 | $19,728.40 | 0 | 0 | 0 | 3,576.00 | 89.40 |
| | *Totals for Employer:* | $19,728.40 | 0 | 0 | 0 | 3,576.00 | 89.40 |

## CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS

Employer : LINCK AGGREGATES INC  -  4771550

Pension Fund

PERIOD  :  01/01/2006  -  12/30/2006

Controlled Group as of :  12/30/2006

### PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - DETAIL

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| 4771550 - LINCK AGGREGATES INC | | | | | | | |
| 4771550 - 0100 - 00695A  LINCK AGGREGATES INC | 2006 | $19,728.40 | 0 | 0 | 0 | 3,576.00 | 89.40 |
| Total for Employer: | | $19,728.40 | 0 | 0 | 0 | 3576.00 | 89.40 |
| Total for Employer: | | $19,728.40 | 0 | 0 | 0 | 3576.00 | 89.40 |

Employer Name: Linck Aggregates, Inc.
Assessment No.: 4771550-WL070118-01

| | | |
|---|---|---|
| Withdrawn Company: | Linck Aggregates, Inc. | |
| Withdrawal Date: | 12/31/05 | Withdrawal Type: PARTIAL |
| Assessment: | $407,140.15 | |
| Prepayment: | $0.00 | |
| Balance to Amortize: | $407,140.15 | Annual Payment: $117,296.50 |
| | | 1st Payment Due: 08/01/07 |

Annual Interest Rates:

| | | | | |
|---|---|---|---|---|
| Year 1 | 0.00% | Year 6 | 8.00% |
| Year 2 | 8.00% | Year 7 | 8.00% |
| Year 3 | 8.00% | Year 8 | 8.00% |
| Year 4 | 8.00% | Year 9 | 8.00% |
| Year 5 | 8.00% | Years 10 to 20 | 8.00% |

| Payment No. | Due Date | Payment Amount | Billing Charge | Amortization | Principal | Principal Balance |
|---|---|---|---|---|---|---|
| 1 | 08/01/07 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 397,302.69 |
| 2 | 09/01/07 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 387,590.61 |
| 3 | 10/01/07 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 377,816.04 |
| 4 | 11/01/07 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 367,978.58 |
| 5 | 12/01/07 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 358,266.49 |
| 6 | 01/01/08 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 348,491.92 |
| 7 | 02/01/08 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 338,654.46 |
| 8 | 03/01/08 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 328,942.38 |
| 9 | 04/01/08 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 319,167.81 |
| 10 | 05/01/08 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 309,330.35 |
| 11 | 06/01/08 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 299,618.27 |
| 12 | 07/01/08 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 289,843.70 |
| 13 | 08/01/08 | 9,837.46 | 0.00 | 9,837.46 | 0.00 | 289,843.70 |
| 14 | 09/01/08 | 9,837.46 | 125.38 | 9,712.08 | 0.00 | 289,843.70 |
| 15 | 10/01/08 | 9,837.46 | 62.89 | 3,637.95 | 6,136.62 | 283,707.08 |
| 16 | 11/01/08 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 273,869.62 |
| 17 | 12/01/08 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 264,157.54 |
| 18 | 01/01/09 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 254,382.97 |
| 19 | 02/01/09 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 244,545.51 |
| 20 | 03/01/09 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 234,833.42 |
| 21 | 04/01/09 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 225,058.85 |
| 22 | 05/01/09 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 215,221.39 |
| 23 | 06/01/09 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 205,509.31 |
| 24 | 07/01/09 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 195,734.74 |
| 25 | 08/01/09 | 9,837.46 | 0.00 | 9,837.46 | 0.00 | 195,734.74 |
| 26 | 09/01/09 | 9,837.46 | 125.38 | 5,821.32 | 3,890.76 | 191,843.98 |
| 27 | 10/01/09 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 182,069.41 |
| 28 | 11/01/09 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 172,231.95 |
| 29 | 12/01/09 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 162,519.86 |
| 30 | 01/01/10 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 152,745.29 |
| 31 | 02/01/10 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 142,907.83 |
| 32 | 03/01/10 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 133,195.75 |
| 33 | 04/01/10 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 123,421.18 |
| 34 | 05/01/10 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 113,583.72 |
| 35 | 06/01/10 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 103,871.64 |
| 36 | 07/01/10 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 94,097.07 |

Employer Name:                          Linck Aggregates, Inc.
Assessment No.:                         4771550-WL070118-01

Withdrawn Company:              Linck Aggregates, Inc.
Withdrawal Date:                         12/31/05      Withdrawal Type:        PARTIAL
Assessment:                             $407,140.15
Prepayment:                                   $0.00
Balance to Amortize:                    $407,140.15    Annual Payment:         $117,296.50
                                                       1st Payment Due:           08/01/07

Annual Interest Rates:

| Year 1 | 0.00% | Year 6          | 8.00% |
|--------|-------|-----------------|-------|
| Year 2 | 8.00% | Year 7          | 8.00% |
| Year 3 | 8.00% | Year 8          | 8.00% |
| Year 4 | 8.00% | Year 9          | 8.00% |
| Year 5 | 8.00% | Years 10 to 20  | 8.00% |

| Payment No. | Due Date | Payment Amount | Billing Charge | Amortization | Principal | Principal Balance |
|---|---|---|---|---|---|---|
| 37 | 08/01/10 | 9,837.46 | 0.00 | 7,527.77 | 2,309.69 | 91,787.37 |
| 38 | 09/01/10 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 82,075.29 |
| 39 | 10/01/10 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 72,300.72 |
| 40 | 11/01/10 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 62,463.26 |
| 41 | 12/01/10 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 52,751.18 |
| 42 | 01/01/11 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 42,976.61 |
| 43 | 02/01/11 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 33,139.15 |
| 44 | 03/01/11 | 9,837.46 | 125.38 | 0.00 | 9,712.08 | 23,427.06 |
| 45 | 04/01/11 | 9,837.46 | 62.89 | 0.00 | 9,774.57 | 13,652.49 |
| 46 | 05/01/11 | 9,837.46 | 0.00 | 0.00 | 9,837.46 | 3,815.03 |
| 47 | 06/01/11 | 3,839.58 | 24.55 | 0.00 | 3,815.03 | -0.00 |

NOTE:

THIS PAYMENT SCHEDULE ASSUMES ALL MONTHLY PAYMENTS ARE TIMELY MADE AND DOES
NOT ACCOUNT FOR ANY DELINQUENT CHARGES THAT MAY ACCRUE DUE TO LATE PAYMENTS.

LINCK AGGREGATES, INC.
EXPLANATION AND CALCULATION OF
2005 70% DECLINE PARTIAL WITHDRAWAL


EXPLANATION

In accordance with ERISA Section 4205(b)(1), there is a 70% decline for any plan year if, during each plan year in the "3-year testing period", the employer's contribution base units do not exceed 30 percent of the employer's contribution base units for the "high base year."

The term "3-year testing period" means the period of the plan year in which the withdrawal occurred and the immediately preceding 2 plan years. The number of contribution base units (CBU's) for the high base year is the average number of such units for the 2 plan years for which the employer's CBU's were the highest within the 5 plan years immediately preceding the beginning of the 3-year testing period.

In Linck Aggregates, Inc.'s situation, the 3-year testing period is 2003, 2004 and 2005. The 5 plan years prior to the testing period are 1998 - 2002 and the highest 2 plan years were 1998 and 1999.


CALCULATION

| TWO HIGHEST PLAN YEARS | CBU'S | |
|---|---|---|
| 1998 | 784.95 | |
| 1999 | 738.25 | |
| Total | | 1,523.20 |
| Average Number (÷ 2) | | 761.60 |
| Multiply by 30% | | x 30% |
| CBU'S to **Maintain** in "3 year Testing Period" | | 228.48 |


Since Linck Aggregates, Inc. failed to maintain at least 228.48 CBUs for any year during the 3-year testing period, a 70% partial withdrawal has been incurred.

Employer : LINCK AGGREGATES INC - 4771550

Pension Fund

PERIOD : 12/28/1997 - 12/31/2005

Controlled Group as of : 12/31/2005

PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - SUMMARY

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| 4771550 - LINCK AGGREGATES INC | | | | | | | |
| | 1998 | $97,429.50 | 0 | 0 | 0 | 31,398.00 | 784.95 |
| | 1999 | $99,747.30 | 0 | 0 | 0 | 29,530.00 | 738.25 |
| | 2000 | $102,515.25 | 0 | 0 | 0 | 27,070.00 | 676.75 |
| | 2001 | $71,518.20 | 0 | 0 | 0 | 18,338.00 | 458.45 |
| | 2002 | $56,099.00 | 0 | 0 | 0 | 13,516.00 | 337.90 |
| | 2003 | $19,388.20 | 0 | 0 | 0 | 4,160.00 | 104.00 |
| | 2004 | $18,150.20 | 0 | 0 | 0 | 3,701.00 | 92.53 |
| | 2005 | $15,086.05 | 0 | 0 | 0 | 2,909.00 | 72.72 |
| | Totals for Employer: | $479,933.70 | 0 | 0 | 0 | 130,622.00 | 3,265.55 |

Employer : LINCK AGGREGATES INC  -  4771550

Pension Fund

PERIOD :  12/28/1997  -  12/31/2005

Controlled Group as of :  12/31/2005

## PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - DETAIL

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| *4771550 - LINCK AGGREGATES INC* | | | | | | | |
| 4771500 - 0306 - 00695A C C LINCK INC | 1998 | $97,429.50 | 0 | 0 | 0 | 31,398.00 | 784.95 |
| | 1999 | $99,747.30 | 0 | 0 | 0 | 29,530.00 | 738.25 |
| | 2000 | $102,515.25 | 0 | 0 | 0 | 27,070.00 | 676.75 |
| | 2001 | $71,518.20 | 0 | 0 | 0 | 18,338.00 | 458.45 |
| | 2002 | $56,099.00 | 0 | 0 | 0 | 13,516.00 | 337.90 |
| | 2003 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2004 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2005 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| Total for Employer: | | $427,309.25 | 0 | 0 | 0 | 119852.00 | 2996.30 |
| 4771550 - 0100 - 00695A LINCK AGGREGATES INC | 1998 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1999 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2000 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2001 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2002 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2003 | $19,388.20 | 0 | 0 | 0 | 4,160.00 | 104.00 |
| | 2004 | $18,150.20 | 0 | 0 | 0 | 3,701.00 | 92.53 |
| | 2005 | $15,086.05 | 0 | 0 | 0 | 2,909.00 | 72.72 |
| Total for Employer: | | $52,624.45 | 0 | 0 | 0 | 10770.00 | 269.25 |
| *Total for Employer:* | | $479,933.70 | 0 | 0 | 0 | 130622.00 | 3265.55 |



**Delivery Notification**

Dear Customer,

This is in response to your request for delivery information concerning the
shipment listed below.

**Tracking Number:** 1Z 395 1X9 22 1011 113 3
**Service:** NEXT DAY AIR
**Delivered On:** 07/20/2007 9:24 A.M.
**Delivered To:** W8009 STATE ROAD 33
BEAVER DAM, WI, US 53916
**Signed By:** MYES

**Location:** RECEIVER

Thank you for giving us this opportunity to serve you.

Sincerely,
United Parcel Service

Tracking results provided by UPS: 07/23/2007 7:25 A.M. ET

# EXHIBIT 2 TO EXHIBIT B

**CENTRAL STATES**
**SOUTHEAST AND**
**SOUTHWEST AREAS**
**PENSION FUND**

EMPLOYEE TRUSTEES
FRED GEGARE
JERRY YOUNGER
GEORGE J. WESTLEY
CHARLES A. WHOBREY

EMPLOYER TRUSTEES
HOWARD McDOUGALL
ARTHUR H. BUNTE, JR.
TOM J. VENTURA
GARY F. CALDWELL

EXECUTIVE DIRECTOR
THOMAS C. NYHAN

August 17, 2007

Mr. Chester C. Linck                      **VIA UPS NEXT DAY DELIVERY**
Linck Aggregates, Inc.                    #1Z 395 1X9 22 1011 6709
W8009 Highway 33E
Beaver Dam, WI  53916

RE:    PAST DUE NOTICE AND DEMAND FOR PAYMENT OF WITHDRAWAL LIABILITY
       LINCK AGGREGATES, INC.
       ASSESSMENT NO.: 4771550-WL070118-01

Dear Mr. Linck:

A Notice and Demand for Payment of Withdrawal Liability was forwarded to your attention on July 19, 2007. The total amount of such liability is $407,140.15.

The notice called for payment of your withdrawal liability in one of two ways:

    (1)    The entire outstanding obligation on or before August 1, 2007; or

    (2)    By monthly installments in accordance with the payment schedule which accompanied the notice and demand.

These installments include amortization charges on the unpaid balance.

**Your account is now past due.**  Please note that interest is charged on the delinquent monthly installments. This interest is determined according to the prime interest charged by the Chase Manhattan Bank of New York plus 2% and is adjusted monthly.

TOTAL BALANCE DUE IMMEDIATELY . . . $9,921.49

To avoid future collection enforcement activity, please forward payment for the above balance **immediately** to the following address:

CENTRAL STATES WITHDRAWAL LIABILITY
Department 10291
Palatine, Illinois  60055-0291
ASSESSMENT NO.: 4771550-070118-01

Mr. Chester Linck
August 17, 2007
Page Two


If payment is not received immediately, the Fund may pursue collection of the interim payments at any time. In the event that payment is not forthcoming within sixty (60) days from the date of receipt of this notice, you will be held in default in accordance with Section 4219 of ERISA, and the entire withdrawal liability in the amount of $407,140.15 will be due immediately and the account will be referred to Fund counsel for collection.

If you have any questions regarding the above, please contact the undersigned at (847) 518-9800, extension 3608.

Sincerely,

Susan M. Tebbens
Operations Accountant
Collections


SMT- past due notice



**Delivery Notification**

Dear Customer,

This is in response to your request for delivery information concerning the
shipment listed below.

**Tracking Number:**    1Z 395 1X9 22 1011 670 9
**Service:**            NEXT DAY AIR
**Weight:**             1.00
**Shipped/Billed On:**  08/17/2007
**Delivered On:**       08/20/2007 9:17 A.M.
**Delivered To:**       W8009 STATE ROAD 33
                        BEAVER DAM, WI, US 53916
**Signed By:**          GREENBURG

**Location:**           FRONT DESK

Thank you for giving us this opportunity to serve you.

Sincerely,
United Parcel Service

Tracking results provided by UPS:  08/23/2007 11:25 A.M.  ET

EXHIBIT 3 TO EXHIBIT B

**APPENDIX E.    RULES AND REGULATIONS PERTAINING TO EMPLOYER WITHDRAWAL LIABILITY**

Section 1.    **PREAMBLE**

This APPENDIX E to the Central States, Southeast and Southwest Areas Pension Plan (the "Plan") sets forth and describes rules and regulations applicable to the determination and payment of Employer Withdrawal Liability pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "1980 Act"). The term Employer, as used herein, shall be defined as in ERISA and trades and businesses under common control shall constitute a single Employer as provided under ERISA Section 4001(b).

Section 2.    **CALCULATION OF WITHDRAWAL LIABILITY**

The amount of the unfunded vested benefits allocable to an Employer who withdraws from the Plan shall be the sum of the amounts determined under (a) and (b) below:

(a)    The amount determined under this Section 2(a) shall be the product of:

(1)    the unfunded vested benefits of the Plan as of the end of the plan year ending December 31, 1979, reduced as if those obligations were being fully amortized in level annual installments over 15 years beginning with the plan year ending December 31, 1980; multiplied by

(2)    a fraction:

(A)    the numerator of which is the sum of all Employer Contributions required to be made by the Employer under the Plan for the last 5 plan years ending on or before December 31, 1979; and

(B)    the denominator of which is the sum of all Employer Contributions made for the last 5 plan years ending on or before December 31, 1979 by all Employers who had an obligation to contribute to the Plan for the plan year ending December 31, 1980, and who had not withdrawn from the Plan before (i) April 29, 1980, in the case of withdrawals prior to July 18, 1984, or (ii) September 26, 1980 in the case of withdrawals subsequent to July 17, 1984.

E-1

(b)    The amount determined under this Section 2(b) shall be the product of:

(1)    an amount equal to:

(A)    the unfunded vested benefits of the Plan as of the end of the plan year preceding the plan year in which the Employer withdraws; less

(B)    the sum of the value as of such date of all outstanding claims for withdrawal liability which can reasonably be expected to be collected, with respect to Employers withdrawing before such plan year, and that portion of the amount determined under Section 2(a)(1) which is allocable to Employers who have an obligation to contribute under the Plan in the plan year preceding the plan year in which the Employer withdraws and who also had an obligation to contribute under the Plan for the plan year ending December 31, 1980, as determined under Section 2(c); multiplied by

(2)    a fraction:

(A)    the numerator of which is the total amount required to be contributed under the Plan by the Employer for the last 10 plan years ending before the date on which the Employer withdraws; and

(B)    the denominator of which is the total amount contributed under the Plan by all Employers for the last 10 plan years ending before the date on which the Employer withdraws, increased by the amount of any Employer Contributions owed with respect to earlier periods which were collected in those plan years, and decreased by any amount contributed by an Employer who withdrew from the Plan during those plan years;

(C)    for purposes of (A) and (B) above, if the Employer Withdrawal occurs prior to 1985 the number of plan years used for purposes of determining the numerator and the denominator shall be as follows:

> 1980..........the last 5 plan years
> 1981..........the last 6 plan years
> 1982..........the last 7 plan years
> 1983..........the last 8 plan years
> 1984..........the last 9 plan years

E-2

(c)    The allocation required by Section 2(b)(1)(B) of this Appendix E, of the unamortized amount of the unfunded vested benefits for the plan year ending December 31, 1979 shall be allocated to Employers which had as obligation to contribute to the Plan by multiplying such unamortized amount by a fraction determined as follows:

        (1)    the numerator of which is the total amount contributed to the Plan for the last 5 plan years ending on or before December 31, 1979 by Employers who had an obligation to contribute to the Plan during the plan year preceding the plan year in which the Employer withdrew and who also had an obligation to contribute to the Plan for the plan year ending December 31, 1980; and

        (2)    the denominator shall be the same denominator used in the fraction in Section 2(a)(2) of this Appendix E.

(d)    The determinations pursuant to this Section 2 and Section 4202 of ERISA shall be based upon authorization by the Board of Trustees, except that any such determination may be initially authorized between board meetings by action of at least one Employer Trustee and at least one Employee Trustee (which action is to be recorded in a written document) provided such action is ratified by the Board of Trustees at its next meeting.

**Section 3.**        **SPECIAL RULES WITH RESPECT TO EMPLOYER CONTRIBUTIONS**

For purposes of determining the denominators defined at Section 2(a)(2)(B) and Section 2(b)(2)(B), the amount of Employer Contributions "made" or "contributed" with respect to a plan year shall be the amount of Employer Contributions reported on the Form 5500 filed by the Plan for such plan year.

**Section 4.**        **ACTUARIAL ASSUMPTIONS**

The actuarial assumptions used to determine the unfunded vested benefits of the Plan shall be determined by the Plan actuary based on his/her best estimate and in accordance with ERISA § 4213. The actuarial valuation for a plan year ending on December 31 will be finalized during the immediately following calendar year.

**Section 5.**          **PAYMENT OF WITHDRAWAL LIABILITY**

(a)   The amount of payment shall be calculated as follows:

    (1)   Except as provided in (2) and (4) below, and in (c) and (d) below; the Employer shall pay the amount determined under Section 2 of this Appendix E appropriately adjusted for partial withdrawal and de minimis reductions of $50,000 or less as provided in ERISA Sections 4206 and 4209(a), over the period of years required to amortize the amount in level annual payments determined under (3) below, calculated as if the first payment were made on the first day of the plan year following the plan year in which the withdrawal occurs and as if each subsequent payment were made on the first day of each subsequent plan year. Such amortization period shall be determined based on actuarial assumptions used in the most recent actuarial valuation of the Plan.

    (2)   If the amortization period described in (1) above exceeds 20 years, the liability of the Employer shall be limited to the first 20 annual payments determined in (3) below.

    (3)   Except as provided in (5) below, the amount of each annual payment shall be the product of:

        (A)   the average number of weeks of contributions for the three consecutive plan years, during the 10 consecutive plan years ending before the date of withdrawal, in which the Employer had an obligation to contribute to the Plan for the greatest number of weeks of contributions; and

        (B)   the highest contribution rate at which the Employer had an obligation to contribute to the Plan during the 10 plan years ending with the plan year in which the withdrawal occurs.

        (C)   For purposes of (A) and (B) above, if the Employer withdrawal occurs prior to 1985 the number of plan years used shall be as follows:

            1980..........the last 5 plan years
            1981..........the last 6 plan years
            1982..........the last 7 plan years
            1983..........the last 8 plan years
            1984..........the last 9 plan years

(4)     In the event of a withdrawal of all or substantially all Employers which contribute to the Plan (as described in Section 4219(c)(1)(D) of ERISA) (2) above shall not apply, and total unfunded vested benefits shall be allocated among all such Employers according to regulations established by the Pension Benefit Guaranty Corporation (the "PBGC").

(5)     As described in Section 4219(c)(1)(E) of ERISA, the amount of annual payment may be adjusted in the event of a partial withdrawal.

(b)     Withdrawal liability shall be payable monthly, according to the schedule determined by the Trustees.    Payment of withdrawal liability shall commence no later than 60 days after demand is made therefore by the Trustees.

(c)     An Employer shall be entitled to prepay his withdrawal liability and accrued interest without penalty.

(d)     Non-payment by an Employer of any amounts due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on withdrawal liability owed to the Fund from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including but not limited to attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law.    The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged.  Any judgment against an Employer for withdrawal liability payments owed to this Fund, shall include the greater of (a) a doubling of interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid withdrawal liability payments.    The interest rate after entry of a judgment against an Employer for withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

E-5

(e)   In the event of a default, the outstanding amount of the withdrawal liability shall immediately become due and payable. A default occurs if:

    (1)   the Employer fails to make, when due, any payments of withdrawal liability, if such failure is not cured within 60 days after such Employer receives written notification from the Fund of such failure; or

    (2)   the Trustees, in their discretion, deem the Fund insecure as a result of any of the following events with respect to the Employer:

        (A)   the Employer's insolvency, or any assignment by the Employer for the benefit of creditors, or the Employer's calling of a meeting of creditors for the purpose of offering a composition or extension to such creditors, or the Employer's appointment of a committee of creditors or liquidating agent, or the Employer's offer of a composition or extension to creditors, or

        (B)   the Employer's failure or inability to pay its debts as they become due;

        (C)   the commencement of any proceedings by or against the Employer (with or without the Employer's consent) pursuant to any bankruptcy or insolvency laws or any laws relating to the relief of debtors, or the readjustment, composition or extension of indebtedness, or to the liquidation, receivership, dissolution or reorganization of debtors;

        (D)   the withdrawal, revocation or suspension, by any governmental or judicial entity or by any national securities exchange or association, of any charter, license, authorization, or registration required by the Employer in the conduct of its business;

        (E)   any other event or circumstance which in the judgment of the Trustees materially impairs the Employer's credit worthiness or the Employer's ability to pay its withdrawal liability when due.

**Section 6.**            **RESOLUTION OF DISPUTES**

Any dispute concerning whether a complete or partial withdrawal has occurred, concerning the amount and/or payment of any withdrawal liability or any other matter pertaining to ERISA Sections 4201 through 4129 and ERISA Section 4225 will be resolved in the following manner:

(a)    REVIEW BY THE FUND: If, within ninety (90) days after an Employer receives a notice and demand for payment of withdrawal liability from the Fund, such Employer in writing to the Fund (i) requests a review of any specific matter relating to the determination of such liability and the schedule of payments, (ii) identifies any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the Employer, or (iii) furnishes any additional relevant information to the Fund, a review will be conducted by the Withdrawal Liability Review Committee. The Withdrawal Liability Review Committee consists of members of Staff of the Fund selected by the Operations Director of the Fund. The Withdrawal Liability Review Committee is responsible for the review of any matter pertaining to withdrawal liability which is timely made and the recommendation for decisions on such matters to the Trustees. This Committee acts by a majority of its members present and voting in making recommendations regarding the action which the Trustees may follow in determining questions of withdrawal liability. The decision of the Trustees will be communicated in writing to the Employer including the basis for the decision and the reason(s) for any change in the determination of an Employer's liability or schedule for liability payments.

(b)    ARBITRATION: Within 60 days following the earlier of receipt of a written decision from the Trustees in accordance with subparagraph (a) above, or 120 days after an Employer has made a timely written request for a review of such withdrawal liability matters specified above, either the Employer or the Fund may initiate an arbitration proceeding as provided herein.

**(1)    Manner of Initiation**

Arbitration is initiated by written notice to the Chicago Regional Office of the American Arbitration Association ("AAA") with copies to the Fund (or if initiated by the Fund to the Employer) and the bargaining representative (if any) of the affected employees of the Employer. Such arbitration will be conducted, except as otherwise provided in these rules, in accordance with the "Multiemployer Pension Plan Arbitration Rules" (the "AAA Rules") administered by the AAA. The initial filing fee is to be paid by the party initiating the

arbitration proceeding. Arbitration is timely initiated if received by the AAA along with the initial filing fee within the time period prescribed by ERISA Section 4221(a)(1).

**(2)     Venue**

All arbitrations under this Section shall be conducted in Chicago, Illinois. Any actions pursuant to ERISA §4221(b)(2), 29 U.S.C. §1401(b)(2), to enforce, vacate or modify any awards entered in such arbitrations shall be filed in the United States District Court for the Northern District of Illinois, Eastern Division.

**(3)     Preliminary Statements**

The Employer shall file with the AAA and serve upon the Fund at least 21 days prior to the hearing a Preliminary Statement. The Plan shall file with the AAA and serve upon the Employer a responsive Preliminary Statement at least seven days prior to the hearing. Each preliminary statement shall contain: (1) a statement of the factual and legal contentions of the party with respect to each of the issues before the arbitrator; (2) a list identifying the name, address, and occupation of each witness to be called by the party at the hearing and a specific description of the matters upon which the witness will testify; (3) a list describing each exhibit which the party will offer in evidence; and (4) a statement of the relief sought by the party.

(c)     LITIGATION: Section 43(c) of the AAA Rules shall not apply. Within 30 days after the issuance of a final award by an arbitrator in accordance with these procedures, any party to such arbitration proceeding may bring an action in an appropriate United States district court to enforce, modify, or vacate the arbitration award, in accordance with ERISA Sections 4221 and 4301.

**Section 7.          CONSTRUCTION INDUSTRY EXEMPTION**

ERISA section 4203(b) shall apply to those Employers described in ERISA section 4203(b)(1).

**Section 8.          FIVE-YEAR FREE LOOK RULE**

(a)     Pursuant to ERISA Section 4210, 29 U.S.C. §1390, an employer who withdraws from the Plan in a complete or partial withdrawal is not liable to the Plan if the employer:

E-8

(1)    first had an obligation to contribute to the Plan after September 26, 1980; and

(2)    had an obligation to contribute to the Plan for no more than 5 consecutive plan years preceding the date of its withdrawal; and

(3)    was required to make contributions to the Plan for each such plan year in an amount equal to less than 2 percent of the sum of all employer contributions made to the Plan for each such year as reported on the Form 5500 filed by the Plan for each such employer; and

(4)    has never avoided withdrawal liability because of the application of this Section 8 of Appendix E.

(b)    Paragraph (a) of this section shall apply to an employer with respect to the plan only if -

(1)    the plan is not a plan which primarily covers employees in the building and construction industry;

(2)    the plan makes this exception applicable (as it has in paragraph (a) of this section);

(3)    the plan provides (as it does in Appendix G, section (a) (5)) that the reduction under §411(a)(3)(E) of the Internal Revenue Code of 1954 applies with respect to the employees of the employer; and

(4)    the ratio of the assets of the plan for the plan year preceding the first plan year for which the employer was required to contribute to the plan to the benefit payments made during that plan year was at least 8 to 1.

**Section 9.**    **ADJUSTMENT OF LIABILITY FOR WITHDRAWAL SUBSEQUENT TO PARTIAL WITHDRAWAL**

The amount of credit an employer receives for payment of a prior year's partial withdrawal liability is determined in accordance with applicable regulations (29 CFR §4206).  Pursuant to 29 CFR §4206, the amortization period defined at 29 CFR §4206.9 shall be ten years.

E-9